# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALLEGIANT AIR, LLC,<br>    Plaintiff(s),<br>v.<br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION, et al.,<br>    Defendant(s). | Case No.: 2:18-cv-01360-NJK<br><br>**ORDER** |

Courts may raise the issue of ripeness *sua sponte*. *Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 808 (2003).[1] "Ripeness is an Article III doctrine designed to ensure that courts adjudicate live cases or controversies." *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1153 (9th Cir. 2017). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Ripeness is determined based on the circumstances at the time the complaint is filed. *E.g.*, *Democratic Nat'l Committee v. Watada*, 198 F. Supp. 2d 1193, 1197 (D. Haw. 2002). As standing

---

[1] The Court expresses no opinion herein as to whether Plaintiff's claims are ripe.

1

is not dispensed in gross, a showing of ripeness must be made as to each claim and each form of relief sought. *See Davis v. Fed. Election Com'n*, 554 U.S. 724, 734 (2008). The burden of establishing ripeness falls on the party bringing suit. *Colwell v. Dept. of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

In circumstances involving relief related to a potential union strike, some courts have found that the dispute is unripe absent an imminent or immediate threat of strike. *See Consolidated Rail Corp. v. Bhd. of Maintenance of Way Employees*, 847 F. Supp. 1294, 1304, 1306 (E.D. Penn. 1994); *see also N. Am. Airlines, Inc. v. Int'l Bhd. of Teamsters, Local 747*, 2005 WL 646350, at *14-15 (S.D.N.Y. Mar. 21, 2005). Such cases have outlined some of the indicia of a ripe controversy specific to that context:

> A union's past action alone cannot be the basis for enjoining future conduct. A court must also find sufficient indicia of an intended job action in a current dispute. The best evidence of such an intention is the ultimatum of a strike date. Because unions are not always so formal about their intentions, however, courts should look to specific communications between a union and the carrier for warnings of future unilateral action, or refusals to participate in mediation or arbitration, or ongoing conduct within the union to prepare for and pursue self-help.

*Id.* at 1303.

At the time this case was filed, the Teamsters had allegedly requested authorization to strike and issued a press release that they had obtained such authorization. Compl. (Docket No. 1) at ¶ 47. The Teamsters also allegedly declined to agree not to strike and indicated instead that it was "contemplating its next steps to best protect its members' interests." *Id.* at ¶ 51. The Teamsters also allegedly indicated that the disputed negotiations had come to an end. *Id.* at ¶ 52. It is not clear whether a strike date was set, or whether other indicia of an imminent strike existed.[2]

The parties shall file statements explaining whether Plaintiff's claims are ripe for adjudication. These statements shall be limited to 20 pages in length and shall be filed by noon on December 4, 2018. In addition to the issues raised in Defendants' pending motion to dismiss for

---

[2] The Court also notes that Allegiant Air did not seek a temporary restraining order or a preliminary injunction when it filed suit.

lack of subject matter jurisdiction, the Court will also hear argument on ripeness at the hearing set for December 6, 2018.

IT IS SO ORDERED.

Dated: November 28, 2018

_____
Nancy J. Koppe
United States Magistrate Judge